IN THE UNITED STATES BANKRUPTCY COURT FOR

THE DISTRICT OF PUERTO RICO

IN RE:

CARMEN A COLON

xx-xx-8308

Debtor(s)

CASE NO. 23-04306-EAG7

Chapter 7

FILED & ENTERED ON APR/04/2025

## OPINION AND ORDER

After 55 years of marriage, Carmen Colón and Raul Pedrogo divorced on June 8, 2021. While married they acquired a property in Aibonito, Puerto Rico. Shortly after their divorce, Ms. Colón and Mr. Pedrogo executed a public deed in which they divided their former conjugal assets. In the deed, Mr. Pedrogo ceded to Ms. Colón his ownership interest in the Aibonito property. Mr. Pedrogo filed a chapter 7 bankruptcy petition on March 2, 2022. Noreen Wiscovitch was appointed trustee in Mr. Pedrogo's bankruptcy case. Ms. Wiscovitch filed an adversary proceeding against Ms. Colón to void the transfer of Mr. Pedrogo's interest in the Aibonito property to Ms. Colón. Six months later, Ms. Colón filed her own bankruptcy petition in the case of caption. Wigberto Lugo was appointed trustee in Ms. Colón's bankruptcy case. Ms. Colón exempted the Aibonito property as her homestead under Article 1157(a) of the Puerto Rico Civil Code of 2020, P.R. Laws Ann. tit. 31, § 9302. Ms. Wiscovitch objected to the exemption. Mr. Lugo did not. For the reasons stated below, the court denies Ms. Wiscovitch's objection to the homestead exemption.

## I. Jurisdiction

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11

Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. The Objection to Ms. Colón's Homestead Exemption

Ms. Wiscovitch argues Ms. Colón cannot claim the homestead exemption on the Aibonito property because she did not request it in her divorce proceedings as required by Article 477 of the Puerto Rico Civil Code of 2020. P.R. Laws Ann. tit. 31, § 6851. Ms. Wiscovitch alleges that, under Article 479 of the Puerto Rico Civil Code, homestead protection is constituted when granted by the state court as part of the divorce proceedings. P.R. Laws Ann. tit. 31, § 6853.

Ms. Wiscovitch also objects to the homestead exemption under Bankruptcy Rule 4003(b)(2), which allows a trustee to file "an objection to a claim of exemption at any time prior to one year after the closing of the case if the debtor fraudulently asserted the claim to exemption." According to Ms. Wiscovitch, Ms. Colón is attempting to exempt a property obtained through a fraudulent transfer. Ms. Wiscovitch asserts that the transfer unlawfully depleted Mr. Pedrogo's estate to avoid paying creditors. And, Ms. Colón's bankruptcy, Ms. Wiscovitch argues, was filed to hamper the administration of Mr. Pedrogo's bankruptcy estate. Allegedly, Ms. Colón fraudulently exempted the entire property, with full knowledge of the action to void the transfer and recover the Aibonito property in Mr. Pedrogo's bankruptcy case.

## III. Ms. Colón's Claimed Homestead Exemption

Ms. Colón listed the Aibonito property in Schedule A with a value of $134,037.00. On Amended Schedule C, Ms. Colón exempted the total amount of the property's value under Article 1157(a) of the Civil Code of Puerto Rico. P.R. Laws Ann. tit. 31, § 9302.

Ms. Colón alleges that the Civil Code provisions cited by Ms. Wiscovitch are inapplicable to the facts here. In this case, Ms. Colón and Mr. Pedrogo chose to liquidate their marital assets through a post-divorce deed, not through a court sanctioned partition, which is allowed under

---

[1] Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

Puerto Rico law. A transfer of former conjugal property post-divorce is not uncommon. The Aibonito property had been protected under the Puerto Rico Homestead Act law since June 16, 2020, through a deed presented in the Property Registry of Aibonito prior to Ms. Colón and Mr. Pedrogo's divorce. After becoming the sole owner of the Aibonito property, Ms. Colón executed a new deed on December 19, 2023, to declare the Aibonito property her homestead. The new deed was recorded in the Property Registry. Ms. Wiscovitch does not allege that the exemption claimed by Ms. Colón is not allowed under the Puerto Rico Homestead Act, P.R. Laws Ann. tit. 31, §§ 1858-1858k.

**IV. <u>Discussion and Legal Analysis</u>**

    a. **<u>The Homestead Exemption</u>**

Upon the filing of a bankruptcy petition, all debtor's assets become property of the bankruptcy estate pursuant to § 541. However, a debtor may exempt certain property pursuant to § 522. A debtor may choose to exempt property under section 552(d) or pursuant to the local law applicable on the date of the filing of the petition. <u>See</u> § 552(b)(1). Here, Ms. Colón elected to exempt property under state law. "[W]hen a debtor claims a *state-created* exemption, the exemption's scope is determined by state law, which may provide that certain types of debtor misconduct warrant denial of the exemption." <u>Law v. Siegel,</u> 571 U.S. 415, 425 (134 S. Ct. 1188, 188 L. Ed. 2d 146 (2014) (italics in original). And "*federal law* provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code." <u>Id</u>. (italics in original).

"A bankruptcy debtor who wishes to properly claim the Puerto Rico Home Protection Act exemption must comply with the requirements of said law as of the date of the filing of the bankruptcy petition." <u>Albarran v. Rivera (In re Rivera),</u> 627 B.R. 765, 773 (B.A.P. 1st Cir. 2021) (quoting <u>Mendez Garcia v. Rushomore Management Services</u>, 2018 U.S. Dist. LEXIS 168523 (D. P.R. Sept. 27, 2018).

The party objecting a claimed exemption has the burden of proving that an exemption was not properly claimed. <u>See</u> Bankruptcy Rule 4003(c). Ms. Wiscovitch objects to Ms. Colón's homestead exemption on two grounds. First, Ms. Wiscovitch alleges that Ms. Colón did not claim the homestead in her divorce proceeding under Article 477 of the Puerto Rico Civil Code of 2020.

P.R. Laws Ann. tit. 31, § 6851. Although Ms. Wiscovitch is correct, as explained below, Article 477 is not the only legal option to obtain homestead protection under Puerto Rico law.

Ms. Colón has claimed the total value of the Aibonito property under Article 1157 of the Puerto Rico Civil Code of 2020. P.R. Laws Ann. tit. 31, § 9302. Article 1157 lists the property of a debtor that may not be seized by a creditor. Article 1157(a) protects Ms. Colón's right to a homestead. And, in Puerto Rico, a homestead may also be protected under the Homestead Act. The Homestead Act reads in relevant part:

> Every individual or head of family residing in Puerto Rico shall be entitled to own and enjoy, under the homestead right concept, a parcel and the structure located thereon, or a residence under the regime established in the Condominiums Act, which belongs to him/her or which he/she lawfully owns, and occupied by him/her or his/her family exclusively as a principal residence.

P.R. Laws Ann. tit. 31, § 1858.

The Homestead Act protects property against attachment, judgment, or foreclosure for the payment of all debts. P.R. Laws Ann. tit. 31, § 1858b. And it specifically lists the circumstances – none relevant here-- in which the homestead is not protected. P.R. Laws Ann. tit. 31, § 1858a. Section 1858c of the Homestead Act states that the homestead protection shall continue after death, abandonment, or divorce: "[s]hould a husband or wife abandon his/her family, the protection shall continue in favor of the spouse occupying the property as a residence; and, in the case of divorce, the court granting it may, in the decree, dispose of the homestead estate according to the equities of the case." P.R. Laws Ann. tit. 31, § 1858c. Hence, the state court can, but is not required to, dispose of the homestead estate in a divorce decree.

Homestead protection is claimed under the Act by executing a declaration before a notary public designating the property as homestead protection and recording the designation in the Property Registry. P.R. Laws Ann. tit. 31, § 1858f. Here, Ms. Colón and Mr. Pedrogo protected the Aibonito property under the Homestead Act prior to their divorce by recording a notarial declaration in the Property Registry. After her divorce and obtaining sole ownership of the Aibonito property, Ms. Colón recorded a new notarial declaration in the Property Registry to continue the homestead protection.

Ms. Wiscovitch does not allege that the exceptions listed in Section 1858a of the Homestead Act apply to this case. Nor has Ms. Wiscovitch provided a valid statutory basis under Puerto Rico law that would warrant the denial of the homestead exemption.

Finally, Ms. Wiscovitch also objects the exemption claimed by Ms. Colón pursuant to Bankruptcy Rule 4003(b)(2) which provides that a trustee may object to a fraudulently asserted exemption. But the court notes that Ms. Wiscovitch is not the trustee or administrator of Ms. Colón's bankruptcy estate: she is the trustee of Mr. Pedrogo's bankruptcy estate. Therefore, Ms. Wiscovitch is not a trustee for purposes of Bankruptcy Rule 3004(b)(2). Also, Bankruptcy Rule 4003(b)(2) "does not provide an independent basis for objecting to a debtor's exemption claim." Moyer v. Rosich (In re Rosich), 582 B.R. 694, 697 (Bankr. W.D. Mich. 2018). "[A] debtor . . . only forfeits an exemption if § 522 or applicable nonbankruptcy law so provides." Id.

## V. Conclusion

For the reasons stated above, the court denies the objection to the homestead exemption filed by Ms. Wiscovitch. (Dkt. No. 47).

In San Juan, Puerto Rico, this 4 day of April, 2025.

Edward A. Godoy
United States Bankruptcy Judge